## No. 79SA433

**In the Matter of the Application for Water Rights of Front Range Land & Livestock Company: Rueben Michel v. Front Range Land & Livestock Company**

(612 P.2d 1128)

Decided June 16, 1980.

Reuben Michel, pro se.

Saunders, Snyder, Ross & Dickson, P.C., William J. Kirven III, for appellee.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

Upon the application of Front Range Land & Livestock Co. (Front Range), the water court for Water Division No. 1 awarded a water storage right to Front Range Land & Livestock Reservoir. Reuben Michel

(Michel)[1] appealed, and we affirm.

Front Range Land & Livestock Reservoir consists of several ponds in an area which long ago was in the main channel of the South Platte River. The river changed its course, leaving a marshy oxbow area in which the ponds are located. The capacity of the ponds was increased to 69.8 acre feet by construction of three low dams.

On December 31, 1974, Front Range filed an application for a water storage right for Front Range Land & Livestock Reservoir.[2] A statement of opposition[3] was filed by Michel, who contended that his vested water rights would be injuriously affected if the application were granted. After a hearing on the application, the water referee issued a ruling awarding to Front Range Land & Livestock Reservoir an absolute water storage right for 69.8 acre feet, with the priority date of January 27, 1903, for recreational purposes, including fish propagation and wildlife habitat.[4] The reservoir is located in the NE/4 and N/2 SE/4 of Section 17, Township 4 North, Range 66 West of the 6th P.M. The sources of water supply are springs, seepage, and irrigation return flow, all tributary to the South Platte River.

Michel filed a protest to the ruling of the referee[5] A hearing on the protest was held before the water judge, who confirmed and approved the ruling of the referee and made that ruling a judgment and decree of court.[6] Michel then appealed to this court.[7] Michel was represented by counsel at some times during the proceedings before the water referee and the trial court, but he appears without counsel on this appeal.

The evidence before the water judge was adequate to establish each element of Front Range's claim and to support each finding of fact contained in the judgment and decree of the court. Michel does not challenge the sufficiency of the evidence to support the findings of fact.

Michel bases his objection to the award of the water storage right to Front Range Land & Livestock Reservoir upon his claim that he is the owner of other water rights. Michel claims a water storage right for the Warden Lake Reservoir and a decreed direct flow right for Big Bend Ditch, among other water rights. He contends that Warden Lake Reservoir and Big Bend Ditch have the same sources of supply as Front Range

---

[1] Some of the proceedings were conducted in the name of Reuben Michel and Ellen Irene Michel; others were conducted in the name of Reuben Michel only. We refer to those persons as "Michel" without stating in each instance whether a particular activity was conducted by both or by Reuben Michel alone.

[2] *See* section 37-92-302(1)(a), C.R.S. 1973.

[3] *See* section 37-92-302(1)(b), C.R.S. 1973 (1979 Supp.).

[4] *See* section 37-92-303(1), C.R.S. 1973.

[5] *See* section 37-92-304(2), C.R.S. 1973.

[6] *See* section 37-92-304(5), C.R.S. 1973.

[7] *See* section 37-02-304(9), C.R.S. 1973.

Land & Livestock Reservoir and that the locations of the two reservoirs overlap. As a result, Michel claims that his water rights will be adversely affected by storage of water pursuant to the Front Range Land & Livestock Reservoir decree.

The Warden Lake Reservoir claim is based upon a map and statement of claim filed in the office of the state engineer on March 20, 1893, showing that reservoir to be located in the E/2 NW/4, the W/2 NE/4, and the SE/4 NE/4 of Section 17, Township 4 North, Range 66 West of the 6th P.M. The statement of claim for Warden Lake Reservoir reflects that the water is to be used for irrigation, fish, and ice purposes, and states that work was commenced on the reservoir on March 16, 1893. The Warden Lake Reservoir site and the Front Range Land & Livestock Reservoir site overlap. No water right has been adjudicated for Warden Lake Reservoir. The record does not establish whether Warden Lake Reservoir ever was constructed. In June of 1976 Michel filed an application for a determination of water storage right for Warden Lake Reservoir pursuant to section 37-92-302, C.R.S. 1973 (1979 Supp.). That application was amended in November 1977 and is pending in the water court for Water Division No. 1.

Michel misperceives his legal rights and remedies. The only evidence which he presented to the trial court related to the purported Warden Lake Reservoir right and his claim to ownership of that right. It may be that Michel can establish a water right for Warden Lake Reservoir. That can be determined in the pending proceedings upon his application for determination of such a right. The filing of the map and statement of claim did not of itself establish an appropriation for the Warden Lake Reservoir. *DeHaas v. Benesch,* 116 Colo. 344, 181 P.2d 453 (1947). Any conflict in utilization of water pursuant to the Front Range Land & Livestock Reservoir right and pursuant to any right which may be adjudicated to the Warden Lake Reservoir or which may have been adjudicated to Big Bend Ditch can be administratively resolved by the state engineer[8] and can be judicially resolved if necessary. Any differences arising from the overlap of reservoir sites may be resolved in other appropriate proceedings.[9] None of these issues is properly before the court in Front Range's application for determination of a water storage right. Section 37-92-302, C.R.S. 1973 (1979 Supp.); *see Four Counties Water Users Association v. Colorado River Water Conservation District,* 159 Colo. 499, 414 P.2d 469 (1966).

---

[8] *See* section 37-92-301, C.R.S. 1973 (1979 Supp.); section 37-92-501, C.R.S. 1973.

[9] We note that Michel does not claim ownership of any part of the reservoir site of Front Range Land & Livestock Reservoir. Although land ownership is not an issue in proceedings for determination of water rights, and the water judge made no findings with respect to land ownership, the evidence indicated that Front Range owns all the land upon which Front Range Land & Livestock Reservoir is situated.

This appeal represents only part of a number of disputes in the process of litigation which has been initiated by Michel against Front Range, other neighbors of Michel, and the state engineer. In its brief Front Range requests that Michel be enjoined from appearing without counsel in any pending or future litigation dealing with water rights. In support of this request, Front Range contends that Michel has demonstrated a lack of understanding of water law and that the extensive and allegedly meritless litigation has become burdensom for others. This request is not properly before us and we do not consider it.

We affirm the judgment and decree of the trial court.